**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CISSY CHANTEL RUSSELL,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 1:23-cv-00405-HAB-SLC** |
| | **)** | |
| **PS 27 FAMILY LIMITED** | **)** | |
| **PARTNERSHIP,** *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## OPINION AND ORDER

On November 30, 2023, the Court entered an Order, directing *pro se* Plaintiff to file a status report regarding the issue of service of process upon Defendants PS 27 Family Limited Partnership ("PS 27"), Rabecka Lynn Grossman, and Kaleb Wayne Grossman (together "Defendants"). (ECF 10). Plaintiff filed a status report on December 12, 2023 (ECF 13), detailing her efforts to serve the above Defendants. Plaintiff subsequently filed a Motion to Determine Service of Summons Complete Under the Erie Doctrine or in the Alternative a Motion for Enlargement of Time to Effectuate Service on December 12, 2023. (ECF 14). In her motion, Plaintiff argues that her efforts to serve Defendants are sufficient under Indiana Rule of Trial Procedure 4.1(A)(3) and under the Erie doctrine. (*Id.* at 1-2). Plaintiff, in the alternative, requests an enlargement of time to complete service should the Court determine that service was not accomplished. (*Id.* at 2).

### A. Legal Standard

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)); *United States v. Ligas,* 549 F.3d 497, 500

(7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process . . . ." (citation omitted)). "Federal Rule of Civil Procedure 4 controls service of process in federal court." *Garner v. Bumble Inc.*, No. 3:21-CV-50457, 2023 WL 6065481, at *2 (N.D. Ill. Sept. 18, 2023).

Rule 4(e)(1) permits service of process on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(2) also permits an individual to be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

As for a partnership, Rule 4(h) provides that it "must be served . . . in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."

*B. Analysis*

In her motion, Plaintiff states that during her first and second attempts to serve Defendants on October 9, 2023, and October 29, 2023, via process server, Defendants "appeared to be home but refused to open the door." (ECF 14 at 1; *see* ECF 14-1 at 2-3). She also states that because Defendants appeared to be evading service, Plaintiff mailed a waiver of service of summons form, the complaint, the summons, and a self-addressed stamped envelope to each

Defendant, via first class mail, which was delivered on November 13, 2023. (ECF 14 at 2; ECF 14-1 at 4-9).

All three Defendants reside at the same address in Huntington, Indiana. (*See* ECF 13 at 1; ECF 5 at 2).[1] Plaintiff shows that process servers attempted service at that address twice. (ECF 14-1 at 2-3). During the first service attempt, the process server indicated that she "knocked on the door and walked around the outside of [Defendants'] residence," that she found a car registered to Defendant Rabecka Lynn Grossman, that a dog came to the sliding glass door, that the lights were on, and that someone appeared to be home, but that no one answered the door. (*Id.* at 2).[2] A second process server returned to the residence several weeks later, finding the house in the same condition but still unable to serve process. (*Id.* at 3). Further, Plaintiff shows that the documents she mailed to the same address were delivered on November 13, 2023. (ECF 13 ¶ 5).

The Court is not convinced that service upon Defendants is complete under either federal or Indiana law, "the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1).[3] As for Plaintiff's attempt to serve Defendants by process server, this effort

---

[1] Defendants Rabecka Lynn Grossman and Kaleb Wayne Grossman are Defendant PS 27's general partners. "[I]t is a basic [principle] of partnership that the general partner is an agent of the partnership." *Lancer Ins. Co. v. Landers Explosives, Inc.*, No. 3:07-cv-117-RLY-WGH, 2008 WL 3819850, at *2 (S.D. Ind. July 24, 2008) (citations omitted). And in any event, service upon a partnership under Indiana law may be made by service upon a general partner. Ind. R. Trial P. 4.6(A)(2). Therefore, Defendants Rabecka Lynn Grossman and Kaleb Wayne Grossman also serve as Defendant PS 27's agents for purposes of service under Federal Rule of Civil Procedure Rule 4(h) and Indiana Rule of Trial Procedure 4.6(A), such that service may be accomplished upon Defendant PS 27 by delivering a copy of the summons and complaint to either of those two Defendants.

[2] The process server also states that an internet search revealed that Kaleb Wayne Grossman was under house arrest, though this information could not be confirmed with the Huntington County Community Corrections. (*Id.* at 2-3).

[3] "Indiana law allows for the same three methods as federal law" in addition to allowing "service of an individual to be made upon that individual or upon an individual acting in a representative capacity by sending a copy of the summons and complaint by registered or certified mail or other public means to the individual's residence, place of business, or place of employment." *Goodman v. Clark*, No. 2:09 CV 355, 2010 WL 2838396, at *7 (N.D. Ind. July 12, 2010) (citing Ind. R. Trial P. 4.1(A)). Under Indiana law, the same rules of service upon individuals apply to service upon a partnership through Indiana Rule of Trial Procedure 4.6(A)-(B).

was obviously unsuccessful, as the process servers indicated that they were unable to complete service at Defendants' address. (ECF 14-1 at 2-3). Indeed, the process servers' affidavits do not include a statement "that service was made upon the person as required by law and the time, place, and manner thereof . . . ," *Batler v. Mellinger*, No. 1:21-CV-00028-SEB-MJD, 2021 WL 3029729, at *3 (S.D. Ind. July 16, 2021) (citing Ind. R. Trial P. 4.15(A)), and the record shows that they did not deliver a copy of the summons and complaint to Defendants personally, *see* Fed. R. Civ. P. 4(e)(2)(A), 4(h). Nor does it appear that the process servers left the copy of the summons and complaint with Defendants, as permitted under Rule 4(e)(2)(B) and Indiana Rule of Trial Procedure 4.1(A)(3). Even so, Indiana Rule of Trial Procedure 4.1(B) requires that, in addition to leaving the copy of the summons and complaint at a defendant's place of abode, Plaintiff must deliver the same by first class mail and receive a return, which has not happened here.

As for Plaintiff's attempt to serve Defendants via mail, this attempt, too, is insufficient to accomplish process under federal and Indiana law. Indeed, Indiana Rule of Trial Procedure 4.1(A)(1) states that service on individuals may be effectuated by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . . ." Ind. R. Trial P. 4.1(A)(1). The same rule applies to serving a partnership, as the manner of service under Indiana Rule of Trial Procedure 4.6(A), which governs service upon a partnership, "shall be made on the proper person in the manner provided by these rules for service upon individuals." Ind. R. Trial P. 4.6(B). Thus, service of process by mail is authorized upon an individual or partnership so long as the summons and complaint are sent by *registered* or *certified* mail.

*Batler*, 2021 WL 3029729, at \*3; *LePore v. Nw. Bank Ind., N.A.*, 860 N.E.2d 632, 636 (Ind. Ct. App. 2007); *Precision Erecting, Inc. v. Wokurka,* 638 N.E.2d 472 (Ind. Ct. App. 1994)); *see Swaim*, 73 F.3d at 721.

Here, the evidence submitted by Plaintiff shows that she sent the summons and complaint via first class mail, not registered or certified mail, or any other means which would have otherwise required "a written acknowledgement of receipt" from Defendants upon receipt of the documents. *See* Ind. R. Trial P. 4.1(A)(1).[4] Federal rules governing service cannot save the day as "[s]ervice on individual defendants through the United States Postal Service by certified mail is not permitted." *Gonzalez v. Thoms*, No. 20-cv-1812-pp, 2021 WL 3888214, at \*3 (E.D. Wis. Aug. 31, 2021) (citing *Thompson v. Brown*, No. 20 C 133, 2020 WL 6149580, \*1 (N.D. Ill. Oct. 20, 2020); *Walton v. Lyons*, 962 F. Supp. 126, 128 (C.D. Ill. 1997)). Therefore, the road to perfecting service of process remains ahead of Plaintiff.

Nevertheless, "if the plaintiff shows good cause for the failure [to effectuate service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "When a defendant is evading service," as it appears to be the case here, "there is good cause for extending the time to complete service." *Huber v. Beth*, 654 F. Supp. 3d 777, 805 (E.D. Wis. 2023) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). Therefore, while the Court will deny Plaintiff's request to deem service of process accomplished, good cause exists for the Court to grant Plaintiff's alternative request for an extension of time to effectuate service.

---

[4] Although Plaintiff presented proof that the documents were delivered (ECF 14-1 at 9), this does not constitute "a written acknowledgement of receipt" from Defendants, *see* Ind. R. Trial P. 4.1(A)(1).

*C. Conclusion*

Accordingly, the Court DENIES Plaintiff's request to determine service of summons complete but GRANTS Plaintiff's request for an extension of time to complete service. Plaintiff is AFFORDED to and including March 20, 2024, to effectuate service upon Defendants PS 27 Family Limited Partnership, Rabecka Lynn Grossman, and Kaleb Wayne Grossman or file a status report detailing her efforts to effectuate service.

SO ORDERED.

Entered this 17th day of January 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge