UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CISSY CHANTEL RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PS 27 FAMILY LIMITED<br>PARTNERSHIP, et al.,<br><br>    Defendants. | Case No. 1:23-CV-405-CCB-SLC |

## OPINION AND ORDER

Before the Court are eight motions that are now ripe for decision. (ECF 32, 42, 45, 47, 48, 51, 54, and 55).

## Relevant Background

On September 25, 2023, Plaintiff Cissy Chantel Russell filed a pro se complaint against Rabecka Lynn Grossman ("Rabecka"),[1] Kaleb Wayne Grossman ("Kaleb"), Kelly Pauline Gartin, and the PS 27 Family Limited Partnership ("Partnership"). (ECF 1). Summonses to all four defendants were issued the next day. (ECF 2). The deadline for Plaintiff to effectuate service on Defendants was ninety days after the complaint was filed. *See* Fed. R. Civ. P. 4(m). Before any proof of service was filed, Ms. Russell filed an amended complaint on October 20, 2023, with leave of court. (ECF 5).

---

[1] The Court notes that there are multiple spellings of Ms. Grossman's first name in the record. The Court cannot determine which spelling is correct; however, the spelling "Rabecka" appears most often and is found in the notarized General Power of Attorney agreement she signed. (ECF 35-1). Therefore, the Court will refer to Ms. Grossman as Rabecka in this order.

On January 17, 2024, this Court found Ms. Russell's initial attempts to effectuate service on Rabecka, Kaleb, and the Partnership unsuccessful with a thorough explanation. (ECF 15). But because Ms. Russell showed good cause for the failure to effectuate service, her alternative request to extend the service deadline under Fed. R. Civ. P. 4(m) was granted. (*Id.* at 5–6). The Court afforded Ms. Russell until, and including, March 20, 2024, to effectuate service upon the three unserved Defendants. (*Id.*).

On January 22, 2024, Ms. Russell filed three certifications regarding service on her behalf by the Huntington County Sheriff's Office. The Sheriff returned the summons for Kaleb unexecuted after an unsuccessful attempt by his officer on January 15, 2024. (ECF 16). The report indicated that when service was attempted, Kaleb was "CURRENTLY IN SHEPARDS HOUSE FORT WAYNE." (*Id.* at 1). Nevertheless, the Sheriff's officer reported delivering the summonses for Rabecka and the Partnership to Defendant Gartin[2] on January 15, 2024, in Montpelier, Indiana. (ECF 17, 18). In response, Ms. Gartin, through counsel, filed a notice to the Court on February 5, 2024, asserting no legal authority to accept service on behalf of the Partnership or Rabecka. (ECF 23).

Ms. Russell continued filing documents alleging proof of service on the three unserved Defendants. On January 29, 2024, Ms. Russell filed a United States Postal Service ("USPS") Domestic Return Receipt, labeled on the docket as "PROOF OF

---

[2] Service of Ms. Gartin as a defendant in this action is not questioned. Ms. Gartin filed an answer on October 30, 2023, and Attorney W. Randall Kammeyer entered his appearance on her behalf on November 17, 2023. (ECF 6, 9).

2

SERVICE Executed as to Kaleb Grossman." (ECF 20). The Return Receipt was addressed to Kaleb at Shepherd's House in Fort Wayne, Indiana and signed by a person with the first name "James" and last name appearing to be "Gayhart" on January 25, 2024. (*Id.*). The Return Receipt was not accompanied by a server's affidavit or any other evidence of service.

On February 14, 2024, Ms. Russell filed a certified mail envelope addressed to Rabecka Grossman and the Partnership, in care of Kora Taylor at a post office box in Uniondale, Indiana using this Court's address as the return address. (ECF 27). The envelope evidently was not delivered to Ms. Taylor as it included the notations: "RETURN TO SENDER—BOX CLOSED—UNABLE TO FORWARD." (*Id.*). The envelope contained summonses to Rabecka and the Partnership and two copies of Ms. Russell's original complaint dated September 25, 2023. (*Id.*). The envelope was labeled on the docket as "Summons Returned Unexecuted by Cissy Chantel Russell as to Rabecka Lynn Grossman, PS 27 Family Limited Partnership." (*Id.*).

The docket reflects two additional attempts to prove service as to Rabecka. On February 20, 2024, Ms. Russell filed a USPS Domestic Return Receipt, labeled on the docket as "PROOF OF SERVICE Executed as to Rabecka Grossman." (ECF 28). The Return Receipt was addressed to Rabecka in Huntington, Indiana and signed by "Douglas Gaultney P.O.A." without any indication of the date when he signed. (*Id.*). Then, on February 29, 2024, Ms. Russell filed another USPS Domestic Return Receipt, labeled on the docket as "PROOF OF SERVICE Executed as to Rabecka Grossman." (ECF 30). This Return Receipt was addressed to Rabecka in the care of Matthew Taylor,

3

and signed by Mr. Taylor on February 16, 2024. (*Id.*). Neither of the Return Receipts were accompanied by a server's affidavit or any other evidence of service.

On this record, the parties started filing motions. On March 25, 2024, Ms. Russell filed a Motion for Default Judgment as to the Partnership, Rabecka, and Kaleb, alleging that they were all properly served and failed to plead or defend the claims made against them. (ECF 32). Shortly thereafter on April 16, 2024, the Court responded to a letter from Mr. Gaultney, Rabecka's attorney-in-fact, and sua sponte stayed deadlines for 30 days as to Rabecka only, to afford Mr. Gaultney time to hire a lawyer on her behalf. (ECF 36). On June 10, 2024, Ms. Russell filed a motion to amend and supplement her motion for default judgment to add information and argument regarding: (1) Mr. Gaultney's role in service as Rabecka's attorney-in-fact, (2) the lack of any attorney of record for Rabecka at that time, and (3) service of the Partnership's summons and complaint on Rabecka as a general partner. (ECF 45). As of this date, more than 10 months since the Court's response to Mr. Gaultney's letter, no attorney has entered an appearance on the record for Rabecka. Additionally, neither Rabecka, Kaleb, nor the Partnership filed a direct response to Ms. Russell's motion for default judgment.

With that said, on May 28, 2024, Attorney Michael H. Michmerhuizen entered an appearance on behalf of Kaleb and the Partnership. (ECF 40, 41). On the same day, Kaleb and the Partnership filed a Motion to Dismiss Ms. Russell's claims against them on the basis that they were not properly served. (ECF 42). Ms. Russell timely responded in opposition but neither Kaleb nor the Partnership filed any reply brief.

On July 3, 2024, before the Court could resolve the pending motion for default judgment and motion to dismiss, Ms. Russell filed two Motions for Declaratory Judgment seeking court rulings on substantive issues relevant to her ultimate claims in this action. In the first motion, Ms. Russell requested declaratory judgment that she "be restored as a General Partner and Registered Agent of all PS 27 Family Limited Partnership." (ECF 47 at 4). In the second motion, Ms. Russell asked the Court to recognize that Defendant "Kelly Pauline Gartin . . . has, or had, an interest in PS 27 Family Limited Partnership" during the times of the issues raised in Plaintiff's Complaint. (ECF 48 at 1–2). Ms. Gartin did not file any response to either of the motions for declaratory judgment, but Kaleb and the Partnership did through Attorney Michmerhuizen. (ECF 49, 50). On July 25, 2024, Ms. Russell filed a motion to strike Kaleb and the Partnership's response to the second motion arguing that it only pertains to Ms. Gartin, who is not represented by Mr. Michmerhuizen. (ECF 51).

On January 15, 2025, Ms. Russell filed two additional motions. (ECF 54, 55). First, Ms. Russell filed a Motion for Physical and Mental Examination of Defendant Rabecka Lynn Grossman pursuant to Federal Rule of Civil Procedure 35. (ECF 54). Through this motion, Ms. Russell asks the Court to order a physical and mental examination of Rabecka to determine whether she is able to proceed pro se in this matter. (*Id.* at 1–2). The motion also provided additional factual allegations pertaining to Rabecka's whereabouts and the status of the Partnership. (*Id.* at 2–3, ECF 54-1). Second, Ms. Russell filed a Motion to Take Judicial Notice that: (1) Rabecka was legally served under Indiana law; and (2) as an attorney for the Partnership, Mr. Michmerhuizen also

5

represents Rabecka, a general partner of the Partnership. (ECF 55) At this time, no defendant has responded to either of these motions.

All of these motions are now ripe for resolution as follows.

**Motion for Default Judgment (ECF 32)**

Ms. Russell asks the Court to enter default judgment against the Partnership, Rabecka, and Kaleb under Federal Rule of Civil Procedure 55(b)(2) for failure to timely answer or otherwise defend. In her motion, Ms. Russell acknowledges that she "is bypassing an Entry of Default by the Clerk as there is no request for a sum certain or a sum that can be made certain by computation by the Clerk." (ECF 32 at 1). She then argues that service on Rabecka and Kaleb constituted service on the Partnership because they are both general partners. Citing the Domestic Return Receipt signed by Douglas Gaultney, Ms. Russell argues that service was completed as to Rabecka. Ms. Russell similarly cites the Domestic Return Receipted signed by James G. as proof that Kaleb was properly served.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Despite Ms. Russell's assertion to the contrary, default under Fed. R. Civ. P. 55(a) must be entered before a court can enter a default judgment under Fed. R. Civ. P. 55(b). *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment."). Under Fed. R. Civ. P. 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party "has failed to plead or otherwise

6

defend, and that failure is shown by affidavit or otherwise." "Although Rule 55(a) refers to the entry of default by the clerk, 'it is well-established that a default also may be entered by the court.'" *Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 941 (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). "When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, courts can treat motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment." *Soc'y Ins. v. Blue Hill Hosp., Inc.*, No. 2:23-CV-194-PPS-JEM, 2024 WL 446452, at *2 (N.D. Ind. Feb. 5, 2024) (quoting *Hall v. Miller's Health Sys., Inc.*, No. 2:12-CV-151, 2012 WL 4713925, at *1 (N.D. Ind. June 12, 2012)).

Here, the Court cannot consider the appropriateness of entering default because Ms. Russell has not satisfied her burden to demonstrate that the Court has jurisdiction over Rabecka, Kaleb, and the Partnership through effective service. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987)).

As stated in the Court's previous order, "Federal Rule of Civil Procedure 4 controls service of process in federal court." (ECF 15 at 2). Each defendant must be served a summons with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). The "plaintiff … must furnish the necessary copies to the person who makes service," and the person serving a summons and complaint must be "at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(1)–(2). Methods of service for individuals and partnerships are delineated in Fed. R. Civ. P. 4(e) and (h) as the Court has informed Ms. Russell. (ECF 15 at 2).

7

Plaintiffs, including self-represented plaintiffs like Ms. Russell, must also provide proof of service to the Court unless service is waived. Fed. R. Civ. P. 4(l)(1). "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Id. A server is "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2).

On their own, the Domestic Return Receipts filed by Ms. Russell are insufficient proof of service on Rabecka, Kaleb, and the Partnership. (ECF 20, 28, 30). They were not accompanied by a server's affidavit as required by Rule 4(l). They do not inform the Court of the method of service, the identity of the server, or whether the defendant was served with both the summons and complaint. With nothing more, Ms. Russell has not provided the Court with the information necessary to determine whether she has effectuated valid service upon Rabecka, Kaleb, and the Partnership.

However, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3). Moreover, "[t]he court may permit proof of service to be amended." Id. Ms. Russell did not delay efforts to secure service on Rabecka, Kaleb, and the Partnership after the Court extended her service deadline. Thus, Ms. Russell is granted until and including **March 19, 2025**, to file proof of service as to Rabecka, Kaleb, and the Partnership that complies with the requirements of Fed. R. Civ. P. 4.

Lacking proof of valid service, the Court will not enter default under Fed. R. Civ. P. 55(a) against Rabecka, Kaleb, and the Partnership. Without entry of default, the Court cannot enter default judgment against them. Accordingly, Ms. Russell's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. (ECF 32). Ms. Russell's Motion

for Leave to Amend and Supplement Her Motion for Default Judgment is therefore **DENIED AS MOOT**. (ECF 45).

### Motion to Dismiss (ECF 42)

Kaleb and the Partnership's motion to dismiss is premised on lack of proper service. As suggested above, the Court cannot exercise personal jurisdiction over Kaleb or the Partnership unless they have been properly served with process. *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). And the record now before the Court does not allow for a determination as to whether Kaleb and the Partnership were properly served because Ms. Russell has not provided valid proof of service. Therefore, Kaleb and the Partnership's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**. (ECF 42).

### Motions for Declaratory Judgment (ECF 47 and 48)

Through her Motions, Ms. Russell seeks a declaratory judgment that (1) "she was improperly and unlawfully removed as General Partner and Registered Agent" of the Partnership; and (2) "Kelly Pauline Gartin . . . has, or had an interest in PS 27 Family Limited Partnership" "during the time of the issues raised in Plaintiff's Complaint." (ECF 47 at 1; 48 at 1–2). Ms. Russell's amended complaint alleges that under the Partnership Agreement, she was improperly removed as a general partner of the Partnership before the Partnership was dissolved causing her damages in excess of $75,000 based on her interest in the assets held by the Partnership. (*See* ECF 5).

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested parties seeking such declaration." 28 U.S.C.

9

§ 2201. Declaratory judgment actions serve no useful purpose when a suit has been filed to resolve the substantive issues between the parties "because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *N. Shore Co-Owners' Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 624 F. Supp. 3d 1008, 1020 (S.D. Ind. 2022) (quoting *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015)). Moreover, the Declaratory Judgment Act authorizes declaratory judgment actions, not declaratory judgment motions within an active case. *See Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2010 WL 152074, at *1 (E.D. Wis. Jan. 14, 2010). As a result, Ms. Russell's motions for declaratory judgment are first and foremost procedurally improper. *See id.* The relief she seeks through the motions is the same relief she requested in her amended complaint and will be resolved through the existing substantive lawsuit.

Given Ms. Russell's *pro se* status, the Court might liberally construe her motions for declaratory judgment as motions for summary judgment. But motions for summary judgment would also be improper at this point in the litigation for various reasons. First, Ms. Russell's motions do not comply with the requirements set forth in Fed. R. Civ. P. 56 and N.D. Ind. L.R. 56-1. Second, the Defendants have not yet been able to pursue the discovery necessary to defend against motions for summary judgment. The motions were filed before the pleadings were complete with answers and before the Court issued its Rule 16(b) scheduling order, which would set forth the parameters of discovery for this case. *See Prude v. Pollard*, No. 13-CV-512-BBC, 2013 WL 6055063, at *1 (W.D. Wis. Nov. 15, 2013). Thus, briefing on any motion for summary judgment at this

stage of litigation would need to be stayed—probably for a lengthy period—to give Defendants ample time to conduct the discovery necessary to respond to Ms. Russell's claims. *See id.* Third, "[e]vidence offered at summary judgment must be admissible to the same extent as at trial." *Baines v. Walgreen Co.*, 863 F.3d 656, 662 (7th Cir. 2017). Ms. Russell's motions present legal conclusions referencing information in the record, but without any showing of admissibility.

As a result, Ms. Russell's Motions for Declaratory Judgment are **DENIED**. (ECF 47, 48). Additionally, Ms. Russell's Motion to Strike Kaleb and the Partnership's response (ECF 50) is **DENIED AS MOOT**. (ECF 51).

### Motion for Physical and Mental Examination (ECF 54)

Ms. Russell requests that the Court order a physical and mental examination of Rabecka to determine whether she is able to proceed in this matter. (ECF 54). Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 35, which provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Before a court may do so, "the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination." *Klein v. Cnty. of Lake*, No. 2:18-CV-349-JTM-JEM, 2022 WL 2603557, at *1 (N.D. Ind. July 8, 2022) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)).

Here, the Court need not decide whether Ms. Russell, as the movant, satisfied the requirements for securing an order of examination pursuant to Rule 35 because the motion is premature. Rule 35 is "a mechanism for discovery—that is, to obtain

information relevant to the parties' claims or defenses." *Struve v. Gardner*, No. 1:19-cv–04581-RLY-MJD, 2021 WL 2004125, at *1 (S.D. Ind. Jan. 21, 2021). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Under Rule 26(f), "parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The court must enter a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b). However, delay of entry of the scheduling order is acceptable upon good cause. *Id.*

No Rule 16(b) scheduling order has been entered in this case, but there is good cause for the delay because of the lack of clarity regarding which parties have been served and the lack of responsive pleadings from all defendants. Ms. Russell is once again reminded that the Court is unable to exercise personal jurisdiction over Rabecka, let alone subject her to a physical and mental examination, unless she has been properly served with process. *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). As discussed, the record now before the Court does not allow for a determination as to whether Rabecka was properly served because Ms. Russell has not provided valid proof of service.

Therefore, this motion is premature. Plaintiff is advised that any future request for a Rule 35 examination must meet the requirements outlined above. As a result, Ms.

Russell's Motion for Physical and Physical Examination of Rabecka is **DENIED WITHOUT PREJUDICE**. (ECF 54).

## Motion to Take Judicial Notice (ECF 55)

Pursuant to Federal Rule of Evidence 201, Ms. Russell moves this Court to take judicial notice that: (1) Rabecka was legally served under Indiana law; and (2) as an attorney for the Partnership, Mr. Michmerhuizen also represents Rabecka, a general partner of the Partnership. (ECF 55, 56). "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). "[T]he Seventh Circuit cautions that 'courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts.'" *Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (N.D. Ind. 2022) (quoting *Gen. Elec. Cap. Corp.*, 128 F.3d at 1081)).

The Court is unable to take judicial notice in accordance with Federal Rule of Evidence 201 because the matters for which Ms. Russell requests judicial notice are not adjudicative facts. Through her motion, Ms. Russell asks the Court to make both legal and factual determinations of matters that are subject to reasonable dispute and not generally known.

13

First, the issue as to whether Rabecka has been properly served is clearly in dispute. The Court has already explained that it cannot determine whether Plaintiff executed valid service on Rabecka due to the lack of proof of service establishing that all requirements of service were satisfied. Even if the Court were to construe this motion for judicial notice as a motion to confirm service on Rabecka, the motion fails for the same reasons.

Second, representation is also a legal question dependent on an analysis of legal standards for representation of a partnership and its agent. Determining whether Mr. Michmerhuizen represents Rabecka requires factual and legal analysis such that it is not a proper matter for judicial notice. Therefore, Ms. Russell's Motion to Take Judicial Notice is **DENIED**. (ECF 55).

## Conclusion

As explained above, Ms. Russell is afforded until and including **March 19, 2025**, to file valid proof of service as to each Defendant pursuant to Federal Rule of Civil Procedure 4(l) and the pending motions are resolved as follows:

- Ms. Russell's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE** (ECF 32);

- Kaleb Grossman and the Partnership's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** (ECF 42);

- Ms. Russell's Motion for Leave to Amend is **DENIED AS MOOT** (ECF 45);

- Ms. Russell's two Motions for Declaratory Judgment are **DENIED** (ECF 47, 48);

- Ms. Russell's Motion to Strike is **DENIED AS MOOT** (ECF 51);

14

- Ms. Russell's Motion for Physical and Mental Examination of Defendant Rabecka Grossman is **DENIED WITHOUT PREJUDICE** (ECF 54); and

- Ms. Russell's Motion to Take Judicial Notice is **DENIED**. (ECF 55).

Lastly, Ms. Russell is **REMINDED** that her *pro se* status does not relieve her from compliance with the Federal Rules of Civil Procedure and all orders of this Court. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The Court holds *pro se* parties like Ms. Russell to the same procedural standards applied to parties represented by counsel consistent with the mandate of Fed. R. Civ. P. 1 to secure a just, speedy, and inexpensive resolution of this action. No further extensions related to service or proof of service will be granted absent a showing of circumstances beyond Ms. Russell's control and her ability to negotiate those circumstances through due diligence.

SO ORDERED on March 4, 2025

                                          /s/*Cristal C. Brisco*
                                          CRISTAL C. BRISCO, JUDGE
                                          UNITED STATES DISTRICT COURT