UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CISSY CHANTEL RUSSELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:23-cv-00405-ALT |
| ) | |
| **KELLY PAULINE GARTIN,** *Limited Partner*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court in this partnership-related case is Defendant Kelly Pauline Gartin's (hereinafter referenced as "Kelly") motion to dismiss (ECF 65) and supporting brief (ECF 66), filed on May 7, 2025.[1] In the motion, Kelly asserts that she should be dismissed from this case given she had no involvement or legal interest in the PS 27 Family Limited Partnership (the "Partnership") at the relevant times to which *pro se* Plaintiff Cissy Chantel Russell[2] asserts claims. (*See* ECF 66 at 3). Kelly also attests that Russell fails to make allegations against Kelly in relation to the alleged partnership agreement. (*See id*. at 4). Russell filed a response in opposition to the motion on May 14, 2025. (ECF 68). Kelly did not file a reply brief and her time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). Thus, the motion is ripe for the Court's ruling.

---

[1] Kelly asserts the instant motion pursuant to Indiana Trial Rule 12(B)(6). (ECF 66 at 3). However, the Federal Rules of Civil Procedure govern this motion. *See Hefferman v. Bass,* 467 F.3d 596, 599 (7th Cir. 2006) ("The Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction." (citation omitted)). Accordingly, the Court will analyze the motion under the federal rules.

[2] Plaintiff is also known as Chantel Mae Grossman. (*Id*. at 6). However, for the purposes of this Opinion and Order she is referred to as Cissy Chantel Russell.

I.  FACTUAL AND PROCEDURAL BACKGROUND[3]

This suit derives from Russell's purported interest as a general partner in the Partnership, formed pursuant to the PS 27 Family Limited Partnership Agreement ("the Partnership Agreement"), involving real estate and other property to which she claims ownership. (ECF 5 at 3-7). It is alleged in the amended complaint that on October 11, 2009, Russell's stepfather, Paul Grossman, entered a directive as general partner, that upon Grossman's death his daughter, Russell, would become general partner of the Partnership, endowing her with twenty-six percent stake in the Partnership. (*Id*. at 6).

In 2010 Paul passed away, bequeathing the property at 2952 S. West Street, Liberty City, Indiana 46766 to Russell and appointing her as general partner. (*Id*.). Russell was arrested for burglary on September 30, 2014, and was eventually found guilty. (*Id*.). Thereafter, the State of Indiana entered a "No Contact Order[,]" prohibiting her from contacting anyone in her family. (*Id*.). Russell served a year in prison, and upon her release, Kelly and Andrew Gartin (the "Gartins") sought an order of protection against Russell—which was repetitively renewed until 2023. (*Id*.). On July 22, 2016, unbeknownst to Russell, Rabecka Grossman removed Russell as general partner.[4] Kaleb Grossman was added as general partner on November 28, 2019. (*Id*.).

On December 5, 2021, Rabecka and Kaleb dissolved the Partnership.[5] Resultingly, Russell never received any payout of the Partnership's assets. (*Id*.). Further, Russell was barred from raising a complaint about the matter, given the order of protection that was placed against her by the Gartins. (*Id*. at 7).

---

[3] For purposes of the motion to dismiss, the Court considers the facts in the light most favorable to Russell, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor. *See Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016).

[4] Russell alleges that Rabecka removed her through some artifice of forgery, contrary to Indiana law and article VII, section 4.7 of the Partnership Agreement. (*Id*.).

[5] Russell alleges that the dissolution of the Partnership was contrary to Indiana law and article VIII, sections 8.1 through 8.4 of the Partnership Agreement. (*Id*.).

On September 25, 2023, Russell filed a complaint in this Court, succeeded by an amended complaint, against Defendants PS 27 Family Limited Partnership, Rabecka Grossman, Kaleb Grossman, and Kelly Pauline Gartin.[6] (*See* ECF 1, 5). In support of her claim, Russell states as follows:

> This claim is made on Plaintiff's interest in [the Partnership] for real estate at 540 E. 400 S., Huntington, Indiana, [s]everal hundreds thousands of gold and si[l]ver (at today[']s value), held by [the Partnership], and the proceeds of the sale of the property at 2952 S. West St., Liberty Center, IN 46766, which were designated for Plaintiff, by Paul Grossman.

(*Id*. at 4). Consequently, Russell seeks damages in excess of $75,000. (*See id.* at 7).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Savory v. Cannon*, 947 F.3d 409, 411-412 (7th Cir. 2020) ("In reviewing a grant of a motion to dismiss, [the Court is] required to assume that the facts alleged in the complaint are true, but [the Court] offer[s] no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." (citations omitted)). Russell is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [herself] out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp*., 550 U.S. at 554). Thus, "a plaintiff must do better than putting a few words

---

[6] On April 14, 2025, District Judge Cristal C. Brisco dismissed Defendants PS 27 Family Limited Partnership, Rabecka Grossman, and Kaleb Grossman, without prejudice, because Russell failed to secure service within the time allowed by Fed. R. Civ. P. 4(m) even after the court extended the deadline for good cause. (*See* ECF 61 at 2). Consequently, Kelly is the sole, remaining defendant.

on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (citations omitted).

### III.   DISCUSSION

Russell objects to Kelly's motion to dismiss by alleging, with supporting evidence, that Kelly was a limited partner at the time of Russell's removal from the Partnership. (ECF 68 at 1; *see id*. at 3 ("Removal of General Partner" document, dated July 22, 2016, including Kelly's signature as a limited partner)). According to Russell, this factual evidence undermines Kelly's argument that she was not a member of the Partnership on July 22, 2016. The Seventh Circuit Court of Appeals has held "that facts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.'" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (citations omitted). The Court finds no conflict between this new factual evidence and Russell's amended complaint. Accordingly, this submission from Plaintiff is duly taken. What is more, this new factual evidence sufficiently undercuts Kelly's argument that she was not a limited partner during the time of Russell's removal from the Partnership. And, as previously stated, Kelly decidedly did not enter a reply on the matter. With all these points taken in sum, Russell has succeeded in fending off Kelly's first argument.

Kelly also contends Russell "fails to actually makes any allegations against [Kelly] in relation to the Partnership." (ECF 66 at 4). In support of this argument, Kelly points to the amended complaint that states, "Plaintiff could not even raise complaints about [her removal] because the Gartins placed an Order of Protection upon Plaintiff" and that "Kelly Pauline Gartin was also a Limited Partner." (ECF 5 at 4, 7). As Kelly sees it, these allegations are not enough to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12 (b)(6).

4

"It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson*, 614 F.3d at 403 (citations omitted). If the Court were to only observe the allegations from the amended complaint, Kelly's argument might pass muster. Kelly's mere limited partner status in the Partnership and the order of protection only evince the speculation of wrongdoing on her part. *See EEOC*, 496 F.3d at 776. But in Russell's response to the motion to dismiss, she has done more than "*suggest* something has happened to her . . . ." *Swanson*, 614 F.3d at 403 (emphasis added) (citations omitted). On the contrary, Russell's factual evidence demonstrates that Kelly apparently took an active part in Russell's removal by signing the removal document on the date that Russell alleges she was removed. (ECF 68 at 3). The amended complaint, coupled with Russell's response to the motion to dismiss, alleges Russell was defrauded of her rightful stake in the Partnership and that Kelly participated in the scheme. (*See generally* ECF 5; *see also* ECF 68). Kelly argues that Russell did not "provide any grounds for relief against [Kelly]," yet, assuming Russell's allegations in the amended complaint and response to the motion to dismiss are true, Russell could plausibly be entitled to some sort of relief. (ECF 66 at 4). Consequently, the Court will deny Kelly's motion to dismiss (ECF 65).

### IV.   CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Kelly Pauline Gartin's Motion to Dismiss (ECF 65).

SO ORDERED.

Entered this 22nd day of July 2025.

/s/ Andrew. L. Teel
Andrew L. Teel
United States Magistrate Judge