UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CISSY CHANTEL RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>RABECKA LYNN GROSSMAN and KELLY PAULINE GARTIN,<br><br>Defendants. | ) | Case No.: 1:23-cv-405 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 108] filed by Defendant Kelly Pauline Gartin. Plaintiff filed a Response [DE 112]. Defendant filed a Reply [DE 114]. Plaintiff filed a Motion for Leave to File a Surreply [DE 115]. In the interest of justice, the court **GRANTS** the Motion for Leave [DE 115] and will consider Plaintiff's Surreply.[1] Accordingly, this matter is ripe for ruling.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c). *See also* Fed. R. Civ. P. 73; N.D. Ind. L.R. 72-1.

[1] Local rules regarding briefing on a motion in the Northern District of Indiana permit parties to file an initial motion, a response, and a reply, but do not address the filing of a surreply. N.D. Ind. L.R. 7-1(d)(2). A surreply generally requires leave of court and is only permitted when it raises or responds to new issues or arguments. See *Hoosier Env't Council v. Nat. Prairie Indiana Farmland Holdings, LLC,* 564 F. Supp. 3d 683, 719 (N.D. Ind. 2021). Decisions on whether to enforce local rules strictly or overlook noncompliance are left to judges. *Stevo v. Frasor,* 662 F.3d 880, 887 (7th Cir. 2011). Additionally, trial courts are obligated to give a liberal construction to the filings of *pro se* plaintiffs. *Nichols v. Michigan City Plant Plan. Dep't,* 755 F.3d 594, 600 (7th Cir. 2014).

*Background*

In her Amended Complaint [DE 5], Plaintiff Cissy Chantel Russell alleges that the PS 27 Family Limited Partnership ("the Partnership") was dissolved contrary to Article VIII of the Partnership Agreement and Indiana Law. Plaintiff also alleges that the assets of the Partnership were improperly distributed so that Plaintiff, a former General Partner of the Partnership, did not receive her requisite percentage of the proceeds.

Plaintiff's Amended Complaint named the Partnership, Rabecka Lynn Grossman, Kaleb Wayne Grossman, and Kelly Pauline Gartin as defendants. Plaintiff identified Gartin as a "limited partner." The court dismissed Plaintiff's claims against Kaleb Grossman and the Partnership for lack of proper service. This case was later consolidated with cause number 1:26-cv-47. Presently, the two named defendants remaining in this combined cause of action are Rabecka Lynn Grossman and Kelly Pauline Gartin.

On February 13, 2015, Gartin elected to sell her entire partnership interest and leave the Partnership pursuant to a Partnership Resolution. The Partnership held a meeting and voted to remove Plaintiff as a general Partner on or about July 22, 2016. The next day, Gartin assigned her 16.4% limited partnership interest to Kaleb Wayne Grossman. Gartin was not present at the July 22 meeting, but Gartin subsequently signed the removal document solidifying Plaintiff's removal as a general partner. The Partnership Agreement provides that general partners, not limited partners, maintain management authority. [DE 110 at 12-17]. The Partnership was dissolved on December 5, 2021.

*Analysis*

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Napier v. Orchard Sch. Found.*, 137 F.4th 884, 891 (7th Cir. 2025); *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material fact is in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lewis*, 909 F.3d at 866.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); see also *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) ("[S]ummary judgment is . . . 'the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'"). The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial")

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Kutrubis v. Kamberos*, 184 F.4th 864, 869 (7th Cir. 2026); *Dave v. Bd. of Trs. of S. Illinois Univ.*, No. 25-1465, 2026 WL 221251, at *1 (7th Cir. Jan. 28, 2026) (citing *Paterakos v.*

*City of Chicago*, 147 F.4th 787, 795 (7th Cir. 2025)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McDowell v. Village of Lansing*, 763 F.3d 762, 764–65 (7th Cir. 2014). The court's "favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Lewis*, 909 F.3d at 866 (quoting *Monroe v. Indiana Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017)). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC,* 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

*The Undisputed Facts Show that Gartin had no Partnership Interest*

An individual lacks any right or power of a partner upon assignment of the individual's partnership interest. Ind. Code § 23-16-8-2. Plaintiff does not dispute that Gartin elected to end her involvement in the Partnership in 2015. Effective February 13, 2015, Gartin no longer had any interest in the Partnership. Similarly, Gartin does not dispute that she signed the document removing Plaintiff as a general partner in 2016. However, whether Gartin signed the removal document is irrelevant because Gartin had relinquished any partnership interest over a year prior to the removal. Also, as a limited partner, she had no management authority, so her signature on the document was not required. [DE 110 at 35].

Plaintiff maintains that she was improperly removed, and that, because her removal was improper, there is a disputed material fact. Yet the undisputed facts demonstrate that Gartin had no partnership interest at the time of Plaintiff's removal. Whether the removal was improper is not material to any potential liability for Gartin because, as previously stated, she had no authority to remove Plaintiff as a partner. *Kelsey v. Kelsey*, 714 N.E.2d 187, 189 (Ind. Ct. App.

1999); *Vodafone Americas Inc. v. Indiana Dep't of State Revenue*, 991 N.E.2d 626, 629 (Ind. T.C. 2013).

Finally, Plaintiff is seeking to recover proceeds from the sale of the Partnership assets. She has not alleged that Gartin received any of the proceeds, so she cannot prove that she is entitled to a judgment against Gartin.

*Conclusion*

To defeat summary judgment, Plaintiff must demonstrate that there is a material factual dispute such that Gartin is liable for the claims asserted in Plaintiff's Amended Complaint. While Plaintiff submits that her removal as a general partner was improper, she has presented no evidence that Gartin had the requisite authority to remove Plaintiff, that Gartin had an interest in the Partnership at the time of her removal, or that Gartin received any funds when the Partnership was dissolved.

No issue of fact exists as to whether Defendant Kelly Pauline Gartin had any interest or authority over the Partnership such that she could be found liable for Plaintiff's removal and any alleged improper distribution of assets.

Accordingly, Defendant Kelly Pauline Gartin's Motion for Summary Judgment [DE 108] is **GRANTED**.

ENTERED this 22nd day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge